UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**Ashley P. H.,**

       Plaintiff,

v.

**Comm'r of Soc. Sec.,**

       Defendant.

**DECISION and ORDER**

22-cv-442-MJP

APPEARANCES

| | |
|---|---|
| For Plaintiff: | **Jeanne Elizabeth Murray, Esq.**<br>Hiller Comerford Injury & Disability Law PLLC<br>6000 N. Bailey Ave, Ste 1A<br>Amherst, NY 14226 |
| For Defendant: | **Christopher Nelson Hurd, Esq.**<br>Social Security Administration<br>6401 Security Blvd<br>Baltimore, MD 21235 |

**INTRODUCTION**

**Pedersen, M.J.** Plaintiff Ashley P. H. ("Plaintiff") sues seeking remand of the final decision of the Commissioner of Social Security (the "Commissioner") denying her application for disability benefits. Before me are the parties' cross motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (ECF Nos. 9 & 10.) For the reasons that follow, I affirm the Commissioner's decision in this case.

BACKGROUND

On April 6, 2018, Plaintiff applied for disability benefits with the Social Security Administration ("SSA"). (T.[1] 15.) Plaintiff alleged disability onset since February 1, 2008. (T. 15.) SSA denied Plaintiff's initial claim on July 23, 2018. (T. 15.) Plaintiff requested a hearing. (T. 15.) On February 4, 2020, Administrative Law Judge ("ALJ") Theodore Kim held a hearing at Plaintiff's request. (T. 62–87.) On November 5, 2020, the ALJ held a supplemental hearing by telephone owing to the COVID-19 Pandemic. (T. 36–61.) Plaintiff was represented at both hearings. (T. 15.) The ALJ issued a decision finding that Plaintiff was not disabled on November 20, 2020. (T. 12–35.) Plaintiff then asked the SSA Appeals Council to review the ALJ's denial, but the Appeals Council declined to do so. (T. 1–6.) Plaintiff thus has a final decision from the SSA. Plaintiff filed this case seeking review of that decision. (Compl., ECF No. 1, June 9, 2022.)

APPLICABLE LAW

*Legal standard for District Court review.*

"In reviewing a final decision of the [Commissioner], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means

---

[1] "T." refers to the administrative record.

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not my function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

***Legal standard for the ALJ's underlying disability determination.***

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled. *Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of

Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 404.1509, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* §§ 404.1520(e)–(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id.* § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### *The ALJ's decision denying benefits to Plaintiff.*

The ALJ analyzed Plaintiff's claim for benefits under the five-step process detailed above. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since April 6, 2018, the date of Plaintiff's application for benefits. (T. 18.) At step two, the ALJ found that Plaintiff has the following severe impairments: schizoaffective disorder; PTSD; bipolar disorder; major depressive disorder; anxiety

4

disorder; obesity; left knee osteoarthritis; right knee osteoarthritis; degenerative joint disease; and asthma. (T. 18). The ALJ found the following other non-severe impairments: type II diabetes; insomnia; hyperlipidemia; hypertension; anemia; hyperglycemia; migraine; narcolepsy; gastroparesis; gastritis; polysubstance use disorder; and ulcerative pancolitis. (T. 18.) At step three, the ALJ concluded that none of Plaintiff's impairments met or medically equaled one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.

The ALJ concluded that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work, as defined in 20 C.F.R. [§] 416.967(b), except she must be allowed to stand up to five minutes after every thirty minutes of sitting, and to sit down up to five minutes after every thirty minutes of standing, while remaining on task. She can occasionally push or pull or operate foot controls with both lower extremities. She can occasionally kneel, crouch, stoop, balance, and crawl. She can occasionally climb stairs and ramps. She can never climb ladders, ropes, and scaffolds. She can never be exposed to unprotected heights and moving mechanical parts. She requires a cane to ambulate. She can have occasional exposure to dust, mists, gases, noxious odors, fumes, pulmonary irritants, and poor ventilation. She can tolerate occasional exposure to vibration. She is able to understand, carry out, and remember simple instructions, and make simple work related decisions. She can occasionally deal with supervisors and co-workers, and can never deal with the public.

(T. 21–22.)

Next, at step four, the ALJ determined Plaintiff had no past relevant work. (T. 29.) At step five, the ALJ found that given Plaintiff's age, education, work experience, and RFC, there were jobs available in the national economy that Plaintiff could perform. (T. 29–30.) Accordingly, the ALJ found Plaintiff not disabled. (T. 30.)

*I find that Plaintiff's arguments do not warrant remand.*

Plaintiff raises several arguments in appealing the Commissioner's decision. I address each in turn.

### Even if the ALJ erred in assessing a highly specific sit/stand option in the RFC, such error was harmless.

While I have doubts about the ALJ's RFC and its specific sit/stand option, I must conclude that any error on the ALJ's part was harmless. Plaintiff fails to show how this requirement was harmful. Put another way, Plaintiff fails to show that the ALJ could have found a more restrictive RFC. Remand is not warranted.

Plaintiff points out that the ALJ included a specific sit and stand evaluation in the RFC despite this finding lacking substantial evidence. As Plaintiff contends, "neither of the physical opinions of record included the limitation of a sit/stand option changing positions at this interval." (Pl.'s Mem. of Law at 14, ECF No. 9-1 (citing T. 96–99, 387–94).) Instead, it appears the ALJ split the difference between Plaintiff's statements about her ability to sit and stand and the medical exams. At the hearing, Plaintiff indicated that she could sit for about 15 to 20 minutes at a time and stand for five minutes at a time. (T. 46–47; *see also* T. 387 ("She changes position every 15 minutes while sitting or standing.").) Separately, Plaintiff indicated on an SSD form that she "can't stand due to knee, arthritis." (T. 270.) In his decision, the ALJ decided to give Plaintiff "the benefit of the doubt as to her chronic pain and inability to sit or

6

stand for long periods of time[.]" (T. 27.) The ALJ further noted that his sit/stand option was in line with Plaintiff's "medical treatment records."[2] (T. 27.)

To rebut the ALJ's "benefit of the doubt" point, Plaintiff raises a lone out-of-circuit case. (Pl.'s Mem. of Law at 14–15, ECF No. 9-1 (discussing *Wheeler v. Berryhill*, No. 3:16-CV-01916, 2018 WL 1528763, at *9 (M.D. Pa. Mar. 8, 2018).) Admittedly, *Wheeler* is close, if not on-point. In this case and *Wheeler*, the ALJ implicitly rejected a medical opinion by formulating a more restrictive RFC. *Wheeler*, 2018 WL 1528763, at *10 ("But having in essence rejected many of Dr. Falvello's opinions and having implicitly rejected much of Dr. Gryczko's RFC assessment, the ALJ did not explain the medical basis for her RFC assessment."). Here, the ALJ added favorable sit/stand requirements despite the consultative examiner finding that Plaintiff could stand and/or walk for a total of six hours and sit for a total of six hours in an eight-hour workday. (T. 96.)

But I follow the Second Circuit—especially given this District's labyrinth of Social Security decisions. Although the ALJ may have erred here, such error is harmless if the medical evidence the ALJ declined to use (*e.g.*, the consultative examiner's opinion) is less favorable to Plaintiff. *See Grega v. Saul*, 816 F. App'x 580, 582 (2d Cir. 2020) (where ALJ failed to make proper record finding regarding medical opinions, remand was not warranted because those medical opinions were not "significantly more favorable to the claimant"). The Second Circuit has, after all, held that remand

---

[2] For example, the ALJ cites T. 370, a page of Plaintiff's hospital records which mentions right knee pain. (*See also* T. 436 (same).) I have doubts about this proposition, but again, I find that any error here is harmless.

is not required "where application of the correct legal principles to the record could lead only to the same conclusion." *Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010) (cleaned up and quotation omitted). As the Commissioner correctly points out, the two medical opinions involved here "both indicated that Plaintiff was not disabled and supported the administrative decision." (Def.'s Mem. of Law at 9, ECF No. 10-1.) And so, even if the ALJ erred, such error was not harmful.

Alternatively, I cannot conclude on this record that Plaintiff has met her burden of showing that a more restrictive RFC is warranted. *See Elizabeth K. v. Comm'r of Soc. Sec.*, No. 19-CV-1671-FPG, 2021 WL 1175848, at *6 (W.D.N.Y. Mar. 29, 2021) ("It is generally 'Plaintiff's burden to prove a more restrictive RFC than the RFC assessed by the ALJ.'" (quoting *Beaman v. Commissioner of Social Security*, No. 18-CV-1344, 2020 WL 473618, at *6 (W.D.N.Y. Jan. 28, 2020))). And so, I reject Plaintiff's first argument.

**The ALJ did not err in assessing Plaintiff's mental RFC.**

Next, Plaintiff contends that the ALJ "essentially" rejected all mental opinions of record, leaving a gap that the ALJ necessarily filled with his own lay opinion. Plaintiff urges me to conclude that the RFC was thus not supported by substantial evidence. I disagree.

To begin, the ALJ did not "essentially" reject the mental opinions of record. Rather, the ALJ merely assigned most of them limited weight. For example, the ALJ found both Dr. Blackwell and Dr. Santarpia's opinions "somewhat persuasive." (T. 27–28.) Both doctors concluded that Plaintiff's mental impairments were not disabling. (T. 93–94, 384.) In other words, I do not see the "clear gap[]" required for the

8

ALJ to have to seek other medical opinions. *Cook v. Comm'r of Soc. Sec.*, 818 F. App'x 108, 110 (2d Cir. 2020) (citation omitted).

Turning to Plaintiff's argument on its merits, in a case with competing medical opinions, I could see how an ALJ's decision would be harmful and frustrate meaningful judicial review. For example, Plaintiff cites *Shamone W. v. Comm'r*, 2021 WL 1015934 (W.D.N.Y. Mar. 17, 2021), where Judge Payson remanded when the ALJ failed to explain how she formulated the mental RFC from among contrasting medical opinions:

> The medical opinions contained in the record provide drastically different views of plaintiff's mental functional capacity. State consultants Santarpia and Austin-Small opined that plaintiff's mental impairments did not significantly interfere with her ability to engage in work-related tasks—essentially concluding that plaintiff had no limitations in her ability to engage in work activities. In stark contrast, treating sources Fatta and Brooks-Devlin assessed that plaintiff's impairments caused substantial limitations in her ability to engage in work-related functions. The ALJ gave "little weight" to the substantial limitations assessed by Fatta and Brooks-Devlin, gave "little weight" to Santarpia's opinion, and purported to give "significant weight" to Austin-Small's opinion that plaintiff suffered from at most mild limitations in mental functioning. Yet, the ALJ, without any explanation, formulated an RFC that accounted for several limitations in mental functioning and that appears completely at odds with Austin-Small's opinion that plaintiff's mental impairments were non-severe and caused minimal limitations.
>
> Thus, although the ALJ stated that she was giving the greatest weight to Austin-Small's opinion, the RFC she formulated suggests that she rejected the opinion entirely. "Irrespective of the terminology used by the ALJ, whether it be 'great weight,' 'little weight,' 'some weight,' or 'no weight,' the relevant inquiry is whether the ALJ in fact incorporates or accounts for the limitations assessed by the medical professional in the RFC." *Danielle B. v. Comm'r of Soc. Sec.*, 2021 WL 766857, *4 (W.D.N.Y. 2021) (quotation omitted). In this case, despite assigning various weights to the opinions of record, the ALJ did not account for the limitations – or lack thereof – contained in the opinions. Rather, she formulated an RFC that was completely divorced from the assessments reflected in each of the opinions of record.

9

*Shamone W.*, 2021 WL 1015934, at *5–6. Critically, it was possible in *Shamone W.* that the ALJ had made a harmful error because the ALJ disregarded *favorable* opinion evidence. At the very least, it was impossible for Judge Payson to engage in a meaningful judicial review of the ALJ's decision given the conflicting opinions. Not so here.

In this case, even if I assume that the ALJ erred and formulated the RFC based on his lay opinion, I cannot conclude that such error was harmful when the evidence to which the ALJ assigned only partial weight would not have supported a finding of disability anyway. Dr. Santarpia found that Plaintiff's mental impairments and problems were not enough to interfere with her daily functioning. (T. 384.) Likewise, Dr. Blackwell found that Plaintiff's mental impairments were not severe. (T. 93–94.) Because I agree with the Commissioner, *first*, that even if the ALJ erred, such error was harmless and, *second*, that Plaintiff failed to meet her burden of showing a more restrictive RFC than the ALJ assessed, *Elizabeth K.*, 2021 WL 1175848, at *6, I see no reason for remand. Likewise, I do not reach the parties' other arguments about how the ALJ formulated Plaintiff's RFC.

### *To the extent that Plaintiff intended to raise other arguments, I find that they are forfeited.*

In Social Security cases especially, there is an unfortunate habit of plaintiffs "assert[ing] all possible arguments … whether or not such arguments actually apply." *Wieneke v. Comm'r of Soc. Sec.*, No. 18-CV-00637, 2019 WL 5784938, at *4 (W.D.N.Y. Nov. 6, 2019) (alteration added). Thus, plaintiffs often fail to brief issues sufficiently. But it is black-letter law that "issues not sufficiently argued in [briefings] are

10

considered waived."³ *Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009) (alteration added); *see also Wieneke*, 2019 WL 5784938, at *4; *Grega v. Berryhill*, No. 17-CV-6595P, 2019 WL 2610793, at *12 (W.D.N.Y. June 26, 2019) ("Grega's remaining contentions regarding the ALJ's evaluation of medical opinion evidence are conclusory and difficult to decipher."), *aff'd sub nom. Grega v. Saul*, 816 F. App'x 580 (cited above). Where a party fails to raise an issue sufficiently, the court may "exercise" its "discretion to treat" such a "claim of error as waived." *Poupore*, 566 F.3d at 306 (collecting cases).

I have considered Plaintiff's submissions and find that the arguments I discussed above are the only arguments Plaintiff has sufficiently briefed. To the extent Plaintiff argues that Plaintiff raised other arguments, I deem them forfeited.

[Remainder of page intentionally blank.]

---

³ I use the term "forfeiture" because I conclude it is the more appropriate label. *See Kontrick v. Ryan*, 540 U.S. 443, 458 n.13 (2004) ("Although jurists often use the words interchangeably, 'forfeiture is the failure to make the timely assertion of a right [while] waiver is the intentional relinquishment or abandonment of a known right.'" (alteration added) (quoting *United States v. Olano*, 507 U. S. 725, 733 (1993))). But I have provided this quotation as-is, including its use of the term "waiver."

## CONCLUSION

For the foregoing reasons, I affirm the decision of the Commissioner. I grant the Commissioner's motion for judgment on the pleadings, (ECF No. 10), and deny Plaintiff's motion for judgment on the pleadings. (ECF No. 9.) I dismiss Plaintiff's complaint with prejudice. The Clerk of the Court is directed to enter judgment and close this case.

**IT IS SO ORDERED.**

Dated:   February 25, 2025
         Rochester, NY            /s/ Mark W. Pedersen
                                  MARK W. PEDERSEN
                                  United States Magistrate Judge